**FILED**
CLERK, U.S. DISTRICT COURT

July 8, 2026

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ pd _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2026 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>       Plaintiff,<br><br>       v.<br><br>ANDREW JOSEPH REDENIUS CASTILLO,<br>  aka "Minor,"<br>JADEN TROY CASTELLANOS, and<br>ALEX GARCIA ARELLANO,<br>  aka "Suga,"<br>  aka "Shooter,"<br><br>       Defendants. | No. 8:26-cr-00098-FWS<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 371: Conspiracy to Engage in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Dealing in Firearms Without a License; 18 U.S.C. § 924(h): Transfer of Firearms for Use in a Felony; 21 U.S.C. § 846: Conspiracy to Distribute Controlled Substances; 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), (b)(1)(B)(vi): Distribution of Controlled Substances; 18 U.S.C. §§ 981(a)(1)(C), 924(d)(1), 28 U.S.C. § 2461(c), 21 U.S.C. § 853: Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 371]

[DEFENDANTS REDENIUS AND CASTELLANOS]

A.   INTRODUCTORY ALLEGATION

1.   At times relevant to this Indictment, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and JADEN TROY CASTELLANOS did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B.   OBJECT OF THE CONSPIRACY

2.   Beginning no later than on or about February 27, 2024, and continuing until at least on or about February 28, 2024, in Orange County, within the Central District of California, and elsewhere, defendants REDENIUS and CASTELLANOS conspired and agreed with each other, and others known and unknown to the Grand Jury, to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.   MANNER AND MEANS OF THE CONSPIRACY

3.   The object of the conspiracy was to be accomplished, in substance, as follows:

a.   Defendant REDENIUS would offer to sell firearms to customers and coordinate the dates, times, and locations of the firearms sales.

b.   Defendant CASTELLANOS would supply the firearms for the firearms sales.

2

c.   Defendants REDENIUS and CASTELLANOS would sell the firearms to customers.

D.   OVERT ACTS

4.   On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants REDENIUS and CASTELLANOS, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:   On February 27, 2024, defendant REDENIUS messaged an individual he believed was a firearms customer, but who was, in fact, an undercover law enforcement officer (the "UC"), and agreed to sell the UC one firearm and one "boat" (1,000) of fentanyl pills.

Overt Act No. 2:   On February 27, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant CASTELLANOS the following day in Santa Ana for the sale of a firearm and fentanyl pills.

Overt Act No. 3:   On February 28, 2024, defendant CASTELLANOS messaged the UC to arrange a time to meet.

Overt Act No. 4:   On February 28, 2024, defendants REDENIUS and CASTELLANOS met with the UC and sold the UC fentanyl pills and a privately made Glock-type 9mm pistol, bearing no serial number.

COUNT TWO

[18 U.S.C. § 371]

[DEFENDANTS REDENIUS AND GARCIA]

A.    INTRODUCTORY ALLEGATION

1.    At times relevant to this Indictment, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," did not have a federal firearms license issued by the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), and thus were not licensed to import, manufacture, or deal in firearms.

B.    OBJECT OF THE CONSPIRACY

2.    Beginning no later than on or about March 2, 2024, and continuing until at least on or about May 23, 2024, in Orange County, within the Central District of California, and elsewhere, defendants REDENIUS and GARCIA conspired and agreed with each other, and others known and unknown to the Grand Jury, to engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A).

C.    MANNER AND MEANS OF THE CONSPIRACY

3.    The object of the conspiracy was to be accomplished, in substance, as follows:

a.    Defendant REDENIUS would offer to sell firearms to customers and coordinate the dates, times, and locations of the firearms sales.

b.    Defendant GARCIA would supply the firearms for the firearms sales.

c.    Defendants REDENIUS and GARCIA would sell the firearms to customers.

4

D.   OVERT ACTS

4.   On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants REDENIUS and GARCIA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

**March 8, 2024: Defendants REDENIUS and GARCIA Sell One Firearm**

Overt Act No. 1:   On March 2, 2024, defendant REDENIUS sent a picture of two firearms to an individual he believed was a firearms customer, but who was, in fact, an undercover law enforcement officer (the "UC"), and offered to sell the UC the firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 2:   On March 7, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant GARCIA the following day in Anaheim for the sale of firearms and fentanyl pills.

Overt Act No. 3:   On March 8, 2024, defendants REDENIUS and GARCIA met with the UC and sold the UC fentanyl pills, methamphetamine, and a privately made Glock-type 9mm pistol, bearing no serial number.

**April 4, 2024: Defendants REDENIUS and GARCIA Sell One Firearm**

Overt Act No. 4:   On March 24, 2024, defendant REDENIUS messaged the UC offering to sell firearms, fentanyl, and methamphetamine.

Overt Act No. 5:   On April 4, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant GARCIA later that day in Anaheim for a sale of one firearm and one "boat" (1,000) of fentanyl pills.

Overt Act No. 6:   On April 4, 2024, defendants REDENIUS and GARCIA met with the UC and sold the UC fentanyl pills and a privately made Glock-type 9mm pistol, bearing no serial number.

**April 25, 2024: Defendants REDENIUS and GARCIA Sell Three Firearms**

Overt Act No. 7:   On April 5, 2024, defendant REDENIUS messaged the UC offering to sell various firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 8:   On April 24, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant GARCIA the following day for a sale of three firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 9:   On April 25, 2024, defendant GARCIA messaged the UC to arrange a meeting later that day in Anaheim for the sale of firearms and fentanyl pills.

Overt Act No. 10:   On April 25, 2024, defendants REDENIUS and GARCIA met with the UC and sold the UC fentanyl pills and the following firearms: (1) a privately made AR-type .223 pistol, bearing no serial number, and (2) two privately made Glock-type 9mm pistols, bearing no serial numbers.

**May 23, 2024: Defendants REDENIUS and GARCIA Sell Three Firearms**

Overt Act No. 11:   On May 20, 2024, a co-conspirator ("Co-Conspirator 1") messaged the UC on defendant REDENIUS's behalf and agreed to sell the UC firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 12:   On May 23, 2024, defendant GARCIA messaged the UC and agreed to sell the UC three firearms and two "boats" (2,000) of fentanyl pills, and agreed to meet the following day for the sale.

6

Overt Act No. 13:    On May 23, 2024, defendant GARCIA met with the UC and sold the UC fentanyl pills and three privately made Glock-type 9mm pistols, bearing no serial numbers.

COUNT THREE

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANTS REDENIUS AND CASTELLANOS]

The Grand Jury realleges paragraphs 1 through 4 of Count One of this Indictment here.

Beginning no later than on or about February 27, 2024, and continuing to at least on or about February 28, 2024, in Orange County, within the Central District of California, and elsewhere, defendants REDENIUS and CASTELLANOS, each aiding and abetting the other, not being licensed as importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sale of a privately made Glock-type 9mm pistol, bearing no serial number, on or about February 28, 2024.

COUNT FOUR

[18 U.S.C. §§ 922(a)(1)(A), 2(a)]

[DEFENDANTS REDENIUS AND GARCIA]

The Grand Jury realleges paragraphs 1 through 4 of Count Two of this Indictment here.

Beginning no later than on or about March 2, 2024, and continuing to at least on or about May 23, 2024, in Orange County, within the Central District of California, and elsewhere, defendants REDENIUS and GARCIA, each aiding and abetting the other, not being licensed as importers, manufacturers, or dealers of firearms, willfully engaged in the business of dealing in firearms, specifically, the sales of the following firearms, on or about the following dates:

| DATE | FIREARM(S) |
| --- | --- |
| March 8, 2024 | Privately made Glock-type 9mm pistol, bearing no serial number |
| April 4, 2024 | Privately made Glock-type 9mm pistol, bearing no serial number |
| April 25, 2024 | Privately made AR-type .223 pistol, bearing no serial number |
| April 25, 2024 | Privately made Glock-type 9mm pistol, bearing no serial number |
| April 25, 2024 | Privately made Glock-type 9mm pistol, bearing no serial number |
| May 23, 2024 | Privately made Glock-type 9mm pistol, bearing no serial number |
| May 23, 2024 | Privately made Glock-type 9mm pistol, bearing no serial number |
| May 23, 2024 | Privately made Glock-type 9mm pistol, bearing no serial number |

COUNTS FIVE THROUGH NINE

[18 U.S.C. § 924(h)]

[ALL DEFENDANTS]

On or about the following dates, in Orange County, within the Central District of California, and elsewhere, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," JADEN TROY CASTELLANOS, and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," each aiding and abetting the others, knowingly transferred the following firearms, knowing and having reasonable cause to believe that such firearms would be used to commit a felony, namely, smuggling, in violation of Title 18, United States Code, Section 554, and a crime under the Export Control Reform Act of 2018, namely, a violation of Title 50, United States Code, Section 4819:

| COUNT | DATE | DEFENDANT(S) | FIREARM(S) |
|-------|------|--------------|------------|
| FIVE | February 28, 2024 | REDENIUS and CASTELLANOS | Privately made Glock-type 9mm pistol, bearing no serial number |
| SIX | March 8, 2024 | REDENIUS and GARCIA | Privately made Glock-type 9mm pistol, bearing no serial number |
| SEVEN | April 4, 2024 | REDENIUS and GARCIA | Privately made Glock-type 9mm pistol, bearing no serial number |
| EIGHT | April 25, 2024 | REDENIUS and GARCIA | Privately made AR-type .223 pistol, bearing no serial number; and two privately made Glock-type 9mm pistols, each bearing no serial number |
| NINE | May 23, 2024 | REDENIUS and GARCIA | Three privately made Glock-type 9mm pistols, each bearing no serial number |

10

COUNT TEN

[21 U.S.C. § 846]

[DEFENDANTS REDENIUS AND CASTELLANOS]

A.    OBJECT OF THE CONSPIRACY

1.    Beginning no later than on or about February 27, 2024, and continuing until at least on or about February 28, 2024, in Orange County, within the Central District of California, and elsewhere, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as "Minor," and JADEN TROY CASTELLANOS, and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute and possess with intent to distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

B.    MANNER AND MEANS OF THE CONSPIRACY

2.    The object of the conspiracy was to be accomplished, in substance, as follows:

a.    Defendant REDENIUS would offer to sell fentanyl to customers and would coordinate the date, time, and locations of the sales.

b.    Defendant CASTELLANOS and others would supply the fentanyl for the sales.

c.    Defendants REDENIUS and CASTELLANOS would meet with customers and sell them fentanyl.

11

C.    OVERT ACTS

3.    On or about the following dates, in furtherance of the conspiracy and to accomplish its object, defendants REDENIUS and CASTELLANOS, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On February 27, 2024, defendant REDENIUS messaged an individual he believed was a firearms customer, but who was, in fact, an undercover law enforcement officer (the "UC"), and agreed to sell the UC one firearm and one "boat" (1,000) of fentanyl pills.

Overt Act No. 2:    On February 27, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant CASTELLANOS the following day in Santa Ana for the sale of a firearm and fentanyl pills.

Overt Act No. 3:    On February 28, 2024, defendant CASTELLANOS messaged the UC to arrange a time to meet.

Overt Act No. 4:    On February 28, 2024, defendants REDENIUS and CASTELLANOS met with the UC and sold the UC a firearm and 978 pills containing approximately 109 grams of a mixture and substance containing a detectable amount of fentanyl.

COUNT ELEVEN

[21 U.S.C. § 846]

[DEFENDANTS REDENIUS AND GARCIA]

A.    OBJECTS OF THE CONSPIRACY

1.    Beginning no later than on or about March 2, 2024, and continuing until at least on or about May 23, 2024, in Orange County, within the Central District of California, and elsewhere, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," and others known and unknown to the Grand Jury, conspired and agreed with each other to knowingly and intentionally distribute and possess with intent to distribute the following:

a.    At least 50 grams of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A)(viii); and

b.    At least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1- 2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B)(vi).

B.    MANNER AND MEANS OF THE CONSPIRACY

2.    The objects of the conspiracy were to be accomplished, in substance, as follows:

a.    Defendant REDENIUS would offer to sell controlled substances to customers and would coordinate the date, time, and locations of the sales.

b.    Defendant GARCIA and others would supply the controlled substances for the sales.

13

c.    Defendants REDENIUS and GARCIA would meet with customers and sell them controlled substances.

C.    OVERT ACTS

3.    On or about the following dates, in furtherance of the conspiracy and to accomplish its objects, defendants REDENIUS and GARCIA, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:    On March 2, 2024, defendant REDENIUS sent a picture of two firearms to an individual he believed was a firearms customer, but who was, in fact, an undercover law enforcement officer (the "UC"), and offered to sell the UC the firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 2:    On March 7, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant GARCIA the following day in Anaheim for the sale of firearms and fentanyl pills.

Overt Act No. 3:    On March 8, 2024, defendants REDENIUS and GARCIA met with the UC and sold the UC: (1) a firearm; (2) 390 pills containing approximately 42.1 grams of a mixture and substance containing a detectable amount of fentanyl; and (3) approximately 98.7 grams of methamphetamine.

Overt Act No. 4:    On March 24, 2024, defendant REDENIUS messaged the UC offering to sell firearms, fentanyl, and methamphetamine.

Overt Act No. 5:    On April 4, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant GARCIA

14

later that day in Anaheim for a sale of one firearm and one "boat" (1,000) of fentanyl pills.

Overt Act No. 6:   On April 4, 2024, defendants REDENIUS and GARCIA met with the UC and sold the UC a firearm and 1,940 pills containing approximately 208.8 grams of a mixture and substance containing a detectable amount of fentanyl.

Overt Act No. 7:   On April 5, 2024, defendant REDENIUS messaged the UC offering to sell various firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 8:   On April 24, 2024, defendant REDENIUS messaged the UC and arranged for the UC to meet with defendant GARCIA the following day for a sale of three firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 9:   On April 25, 2024, defendant GARCIA messaged the UC to arrange a meeting later that day in Anaheim for the sale of firearms and fentanyl pills.

Overt Act No. 10:   On April 25, 2024, defendants REDENIUS and GARCIA met with the UC and sold the UC three firearms and 2,229 pills containing approximately 236.9 grams of a mixture and substance containing a detectable amount of fentanyl.

Overt Act No. 11:   On May 20, 2024, a co-conspirator ("Co-Conspirator 1") messaged the UC on defendant REDENIUS's behalf and agreed to sell the UC firearms and two "boats" (2,000) of fentanyl pills.

Overt Act No. 12:   On May 23, 2024, defendant GARCIA met with the UC and sold the UC three firearms and 1,936 pills containing approximately 210.6 grams of a mixture and substance containing a detectable amount of fentanyl.

15

COUNT TWELVE

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS REDENIUS AND CASTELLANOS]

On or about February 28, 2024, in Orange County, within the Central District of California, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as "Minor," and JADEN TROY CASTELLANOS, each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 109 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT THIRTEEN

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS REDENIUS AND GARCIA]

On or about March 8, 2024, in Orange County, within the Central District of California, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 42.1 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT FOURTEEN

[21 U.S.C. § 841(a)(1), (b)(1)(A)(viii); 18 U.S.C. § 2(a)]

[DEFENDANTS REDENIUS AND GARCIA]

On or about March 8, 2024, in Orange County, within the Central District of California, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," each aiding and abetting the other, knowingly and intentionally distributed at least 50 grams, that is, approximately 98.7 grams, of methamphetamine, a Schedule II controlled substance.

COUNT FIFTEEN

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS REDENIUS AND GARCIA]

On or about April 4, 2024, in Orange County, within the Central District of California, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 208.8 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

19

COUNT SIXTEEN

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS REDENIUS AND GARCIA]

On or about April 25, 2024, in Orange County, within the Central District of California, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 236.9 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT SEVENTEEN

[21 U.S.C. § 841(a)(1), (b)(1)(B)(vi); 18 U.S.C. § 2(a)]

[DEFENDANTS REDENIUS AND GARCIA]

On or about May 23, 2024, in Orange County, within the Central District of California, defendants ANDREW JOSEPH REDENIUS CASTILLO, also known as ("aka") "Minor," and ALEX GARCIA ARELLANO, aka "Suga" and "Shooter," each aiding and abetting the other, knowingly and intentionally distributed at least 40 grams, that is, approximately 210.6 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Count One and Count Two of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

(a)  all right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses; and

(b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), any defendant so convicted shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

22

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts Three through Nine of this Indictment.

2.    Any defendant so convicted shall forfeit to the United States of America the following:

        (a)  All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

        (b)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.    Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

23

FORFEITURE ALLEGATION THREE

[21 U.S.C. § 853]

1.   Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, in the event of any defendant's conviction of any of the offenses set forth in Counts Ten through Seventeen of this Indictment.

2.   Any defendant so convicted shall forfeit to the United States of America the following:

(a)  All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b)  All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense; and

(c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.   Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in

24

value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

TODD BLANCHE
Acting Attorney General

BILAL A. ESSAYLI
First Assistant United States
Attorney

*Jennifer Waier*

JENNIFER L. WAIER
Chief Assistant United States
Attorney & Chief, Criminal
Division

MARK P. TAKLA
Assistant United States Attorney
Chief, Orange County Office

MELISSA S. RABBANI
Assistant United States Attorney
Deputy Chief, Orange County Office